IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BENJAMIN MEINE,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>**TCHDALLAS2, LLC d/b/a TEXAS CARD HOUSE**, and **RYAN CROW**, individually,<br><br>Defendant. | Case No. _____<br><br>**Collective Action Complaint**<br><br>**Jury Demanded** |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

Plaintiff Benjamin Meine ("Plaintiff"), individually and on behalf of all other similarly situated card dealers, brings this Complaint against Defendants, TCHDALLAS2, LLC d/b/a Texas Card House (hereinafter "TCH") and its Chief Executive Officer, Ryan Crow, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* as a result of operating an illegal tip pool and illegally distributing tips to Defendant's managers in contravention of federal law.

**I.   Nature of Case**

1.   Defendant, TCH, owns and operates a private social club with six locations including a location in Dallas, Texas which is where Plaintiff worked. *See* https://texascardhouse.com/.

2.   At its social clubs, TCH offers poker game play and employs card dealers to carry out this offering.

1

3. TCH paid its "card dealers" a sub-minimum wage for their work performed.

4. TCH's card dealers also share tips distributed from a mandatory tip pool.

5. Pursuant to the FLSA, all tips are the sole property of the employee regardless of whether the employer takes a tip credit. The law also prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer or the employer's managers. For example, even where a tipped employee receives at least minimum wage, the employee may not be required to turn over his or her tips to the employer or the employer's managers.

6. Defendants, here, violated the FLSA by illegally retaining tips that should have been distributed to Plaintiff and similarly situated card dealers (hereinafter "class members").

## II. Parties

7. At all times relevant to this action, Defendant, TCH, is and has been a Texas Limited Liability Company doing business in Dallas County, Texas.

8. Defendant, Ryan Crow, is the Chief Executive Officer of TCH. *See* https://www.linkedin.com/in/ryan-crow-9292994/. Based on information and belief, Mr. Crow resides in Austin, Texas.

9. Plaintiff worked for Defendants in Dallas County, Texas at the Texas Card House located at 11834 Harry Hines Blvd Suite 135, Dallas, TX 75234.

### III. Jurisdiction & Venue

10. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

11. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

### IV. General Factual Allegations

13. Defendant, TCH, is in the business of running a social club that provides snacks, drinks, and card games to the public.

14. At all material times, TCH is/was an enterprise subject to the FLSA's provision on minimum wages.

15. At all material times, TCH is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

   a) Engaged in commerce; or

   b) Engaged in the production of goods for commerce; or

   c) Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. playing cards, poker chips and trays, tablets, chargers, cups, plates and/or office supplies).

16. At all material times, TCH has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all material times, Plaintiff and the class members are/were considered "employees" of Defendants.

18. At all times relevant to this action, Ryan Crow was an individual resident of the State of Texas, who owned and/or operated TCH, and who regularly exercised the authority to: (a) hire and fire employees of TCH; (b) determine the work schedules for the employees of TCH, and (c) control the finances and operations of TCH.

19. By virtue of having regularly exercised that authority on behalf of TCH, Ryan Crow is/was an employer as defined by 29 U.S.C. § 201, et seq.

20. Plaintiffs and the class members were paid pursuant to a "tip credit" method (i.e. were paid the minimum wage, minus a tip credit taken by Defendants).

21. Plaintiff and the class members contributed to and received tips from a mandatory tip pool.

22. Defendants operated an illegal tip pool in that Defendants withheld a portion of the tips from the tip pool and distributed those tips to Defendants' managers who are not customarily and regularly tipped employees. *See* message from former TCH Dallas General Manager and current Chief Operating Officer,

Victor Leone, memorializing the end of the Defendants' tip out policy that involved tipping out managers, attached as **Exhibit 1**.

23. As a result of this improper common policy and practice, Defendants illegally took a tip credit under federal law and must repay the tip credit to Plaintiff and the class members.

24. Additionally, because tips are the sole property of the employee, Defendants must repay the illegally withheld tips to Plaintiff and the class members.

## V.     Collective Action Allegations

25. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated card dealers pursuant to 29 U.S.C. § 216(b).

26. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

27. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of allocating tips from the mandatory tip pool to Defendants' managers.

28. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

29. Plaintiff and all of Defendants' card dealers are similarly situated in that:

   a) They have worked as card dealers for Defendants carrying out Defendants' poker offerings;

    b) They were all compensated in the same manner, i.e. by Defendants utilizing a tip credit and paying card dealers by the hour; and

    c) They were all required to contribute to Defendants' mandatory tip pool in which tips were illegally allocated towards Defendants' managers.

## **Count I – Violation of the Fair Labor Standards Act of 1938**

30.    Plaintiffs, on behalf of themselves and all those similarly situated, hereby incorporate by reference the allegations contained in Paragraphs 1-29 above.

31.    Plaintiff and the class members are/were entitled to all tips earned by them during their employment with Defendants.

32.    Plaintiff and the class members are/were entitled to be paid full minimum wages for each hour during their employment with Defendants.

33.    Plaintiff and the class members did not receive all tips earned by them during one or more workweeks during their employment with Defendants.

34.    Plaintiff and the class members did not receive the full minimum wage contrary to the FLSA as a result of Defendants' improper practice and policy of requiring them to contribute to a tip pool that included employees who do not customarily receive tips.

35.    As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the class members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendants.

36.    As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the class members have not been properly compensated the statutory minimum

wage for all hours worked per week during their employment with Defendants.

37. Defendants willfully failed to pay Plaintiff and the class members the statutory minimum wage during the subject period of work contrary to the FLSA.

38. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the class members have been damaged in the loss of tips for the subject weeks that they worked for the Defendants.

39. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for the subject weeks that they worked for the Defendants.

40. As a result of Defendants' willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages and reasonable attorneys' fees and costs. .

WHEREFORE, Plaintiff demands an Order awarding:

(a) payment to Plaintiff and all class members of the tips improperly retained by Defendants;

(b) payment to Plaintiff and the class members of full minimum wages for all hours worked at the correct rate pursuant to the FLSA;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 3, 2023	Respectfully submitted,

**Morgan & Morgan P.A.**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Ph: (954) 318-0268
*Attorneys for Plaintiff*

/s/ *Paul M. Botros*
Paul M. Botros, Esq.
Texas Bar No. 24040548
Email: pbotros@forthepeople.com